IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **EMANUEL DE JESUS SOSA-LOPEZ,** *Petitioner* § § § | |
| v. § § § | **A-20-CV-905-LY-SH** |
| **WARDEN DAVID COLE,** *Defendant* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Emanuel De Jesus Sosa-Lopez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2241-2242, filed August 31, 2020 (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1, Appendix C of the Local Rules of the U.S. District Court for the Western District of Texas.

## I. Background

On November 7, 2006, Petitioner was indicted in the United States District Court for the Western District of New York on one count of conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Garcia and Sosa-Lopez*, 6:06-cr-06198-DGL-MWP (W.D.N.Y. Nov. 7, 2006). After pleading guilty pursuant to a plea agreement, the Western District of New York sentenced Petitioner to a 240-month term of imprisonment, ten years of supervised release, a $100

1

special assessment fee, and an order of forfeiture ordering Petitioner to return $2 million to the United States. *Id.* at Dkt. 79.

Petitioner did not file a direct appeal of his conviction and sentence, but did file a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that his retained counsel failed to provide him with effective assistance of counsel. *Id.* at Dkt. 88. On January 31, 2014, the District Court denied Petitioner's § 2255 Motion. *Id.* at Dkt. 113. Petitioner appealed, and on September 9, 2014, the United States Court of Appeals for the Second Circuit dismissed his appeal, finding that Petitioner had not made a "substantial showing of the denial of a constitutional right." *Id.* at Dkt. 117. Petitioner also has filed numerous motions attacking his conviction and sentence, all of which have been denied by the District Court. *Id.* at Dkt. 138.

Petitioner is currently incarcerated in the Reeves County Detention Center III in Pecos, Texas, in the Western District of Texas. In his writ of habeas corpus, filed under 28 U.S.C. § 2241, Petitioner argues that his conviction and sentence should be "declared void" and that he should be released from imprisonment. Dkt. 1 at 4.

## II. Analysis

Petitioner contends that his sentence should be vacated because the District Court lacked jurisdiction to sentence him, he never signed the plea agreement, and he was denied the effective assistance of counsel. Petitioner's claims are outside the proper scope of a § 2241 petition because he is attacking errors that occurred at or before his sentencing. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2241, in contrast, is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A petition for a writ of habeas corpus pursuant to

§ 2241 is not a substitute for a motion under § 2255." *Id.* at 452. Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because the Second Circuit has not granted petitioner authorization to file a successive § 2255 petition. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion). In addition, a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Western District of New York. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). For these reasons, the Court does not have jurisdiction to construe Petitioner's § 2241 motion as a § 2255 motion.

The Court nevertheless may address Petitioner's claims through the "savings clause" provision of § 2255 if Petitioner can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been

imprisoned for conduct that was not prohibited by law." *Id.* at 903. Petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Section 2255(e); *see also Pack*, 218 F.3d at 452.

Petitioner has not sustained his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. The Fifth Circuit has held that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

> A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack*, at 453.

Petitioner does not argue that there is a recent retroactively applicable Supreme Court decision that establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted. Petitioner simply attempts to circumvent the limitations on filing successive § 2255 motions. Accordingly, Petitioner may not avail himself of § 2241 relief, and his § 2241 Petition should be dismissed for lack of jurisdiction.

### III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Petitioner's habeas corpus petition under 28 U.S.C. § 2241 (Dkt. 1) for lack of jurisdiction.

### IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

4

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on September 30, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE